UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MADISON WARDINGLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-115 |
| | ) | |
| PQ CORPORATION (now known as Ecovyst), SAFE TRANS, LLC, TRESOR HODARI, and ADVANCE TRANSPORTATION SYSTEMS, INC. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Come now Plaintiff, Madison Wardingley, by counsel, and for her claim against Defendants PQ Corporation (now known as Ecovyst), Safe Trans, LLC, Tresor Hodari, and Advance Transportation Systems, Inc. alleges and states as follows:

### I.     PARTIES

1.     At all times relevant herein, Madison Wardingley was a citizen of Portage, Porter County, Indiana.

2.     At all times relevant herein, Defendant PQ Corporation was a shipper of goods and was a corporation organized and existing under the laws of Pennsylvania and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana. Upon information and belief, PQ Corporation changed its name to Ecovyst in 2021 shortly after the crash that led to the filing of this suit.

3.     At all times relevant herein, Defendant Safe Trans, LLC ("Safe Trans") was a corporation organized and existing under the laws of the State of Colorado with a principal place of business located in Aurora, Colorado.

4. At all times relevant herein, Defendant Safe Trans was a commercial motor carrier registered with the United States Department of Transportation, USDOT No. 2210495, and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with State of Indiana.

5. At all times relevant herein, Defendant Tresor Hodari was a citizen of Aurora Colorado, and at the time of the acts and omissions complained of in this Complaint was an agent, servant and/or employee of Defendant Safe Trans and was acting within the course and scope of his agency and/or employment with Defendant Safe Trans.

6. At all times relevant herein, Defendant Advance Transportation System's Inc. ("ATS") was a transportation broker of goods and was a corporation organized and existing under the laws of the State of Ohio, and regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the State of Indiana.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost in accordance with 28 U.S.C.A §1332. As previously set forth herein, Plaintiff is a citizen of the State of Indiana, Defendant PQ Corporation is a citizen of the State of Pennsylvania, Defendant Safe Trans is in citizen of the State of Colorado, Defendant Tresor Hodari is a citizen of the State of Colorado, and Defendant ATS is a citizen of the State of Ohio.

8. The Court has jurisdiction over the subject matter of this action and over the parties to this lawsuit. Venue is proper in this Court because the motor vehicle crash giving rise to this action alleged herein occurred in Lake County, Indiana.

## III. FACTS

9. At all times relevant herein, Interstate-80 ("I-80") was an interstate highway running generally in an east/west direction through Gary, Lake County, Indiana.

10. The crash which is the subject of this lawsuit occurred in Gary, Lake County, Indiana, on I-80 in its westbound lanes near the 10.7 mile marker.

11. On July 31, 2021, at approximately 5:20 p.m., Defendant Tresor Hodari was operating a semi tractor-trailer owned by Defendant Safe Trans in the course and scope of his employment with Defendant Safe Trans ("Safe Trans Semi"). Upon information and belief, Defendant Hodari had only recently received his commercial driver's license

12. Defendants Safe Tran/Hodari were hired to transport a load with multiple cone-shaped steel containers and believed to contain liquid from Pennsylvania to Colorado for Defendant PQ Corporation ("PQ containers"). While driving on the westbound side of I-80 Defendant Hodari ran off the road on the and struck a barrier wall on the eastbound side of Interstate I-80. Defendant Hodari claims that the load shifted and caused him to run off the road and strike the barrier wall. Upon information and belief, this load was the first time that that Defendant Hodari had hauled cargo as a commercial motor vehicle driver.

13. When the Safe Trans Semi struck the barrier wall, the straps holding the containers failed, and the PQ containers came off the Safe Trans Semi and landed on eastbound side of I-80.

14. One of the PQ containers fell into the path of a vehicle lawfully operated by Brianna Gibson and a crash occurred between the Gibson vehicle and one of the PQ containers which fell from the Safe Trans Semi operated by Defendant Hodari and into the path of the Gibson vehicle ("Crash"). Plaintiff Madison Wardingley was a passenger in the Gibson vehicle.

15. As a direct and proximate result of the Crash, Plaintiff Madison Wardingley was seriously and permanently injured.

16. At the time of the Crash, Defendant Hodari was an agent and/or employee of Defendant Safe Trans and was operating the Safe Trans Semi in the course and scope of his agency and/or employment with Defendant Safe Trans and Defendant Safe Trans is vicariously liable for Defendant Hodari's negligent actions and omissions proximately causing the injuries of Madison Wardingley.

## COUNT I

### NEGLIGENCE – Defendant PQ Corporation

17. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

18. Upon information and believe, the PQ containers which were placed on the Safe Trans Semi were designed and manufactured by and/or for PQ corporation.  These containers were specialty items about which PQ Corporation possessed superior knowledge about their design and characteristics particularly as it relates to the safe placement of and securement of the containers on trailers for shipping.

19. The PQ containers were placed on the Safe Trans Semi by an employee of PQ Corporation when Defendant Hodari arrived at the PQ Corporation facility in Pennsylvania.  The PQ Corporation employee who loaded the Safe Trans Semi also directed Defendant Hodari on how to properly and safety secure the steel containers to the trailer of the Safe Trans Semi.  Once Defendant Hodari completed his attempt to secure the steel containers to the trailer of the Safe Trans Semi with the assistance of the PQ Corporation employee, the PQ Corporation employee reviewed how Defendant Hodari had secured the containers and advised Hodari that he had secured

the containers properly and advised Defendant Hodari it was OK to leave the PQ Corporation facility.

20. The PQ containers were not properly and safely secured to the trailer of the Safe Trans Semi.

21. Defendant PQ Corporation had a duty, or by the actions of its employee assumed a duty, to advise and assist Defendant Hodari on how to safely secure the PQ containers on the Safe Trans Semi and to ensure that when the Safe Trans Semi left PQ Corporation, that the PQ containers were safely secured.

22. Defendant PQ Corporation was negligent in the manner in which it instructed and assisted Defendant Hodari on how to secure the PQ containers and negligent in its approval of how Defendant Hodari secured the PQ containers to the Safe Trans Semi before he left the PQ facility.

23. As a direct and proximate result of the negligent acts and omissions of Defendant PQ Corporation, by and through its agents and employees, Madison Wardingley suffered severe, traumatic, and catastrophic injuries.

24. Plaintiff is entitled to judgment against Defendant PQ Corporation in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate the Plaintiff.

## COUNT II

### NEGLIGENCE – Defendant Safe Trans and Defendant Tresor Hodari

25. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

26. At all times relevant herein, Defendant Hodari owed a duty to exercise reasonable care in his operation of the Safe Trans Semi.

27. At all times relevant herein, Defendant Hodari failed to exercise ordinary care and breached his duty of care in his operation of the Safe Trans Semi.

28. At all times relevant herein, Defendant Hodari was negligent for, among other reasons:

 (a) Failing to operate the Safe Trans Semi in a safe and reasonably prudent manner;

 (b) Failure to adhere to driving rules and regulations;

 (c) Failing to keep the Safe Trans Semi under control;

 (d) Failing to properly load, place and secure the cargo;

 (e) Permitting the cargo to be improperly loaded;

 (f) Driving at an unreasonable rate of speed for the circumstances;

 (g) Driving in a negligent manner; and

 (h) Other negligent acts and/or omissions.

29. Some or all of Defendant Hodari's negligent acts or omissions were violations of Indiana statutes, ordinances, and/or federal regulations that were designed to protect the class of persons in which Madison Wardingley was included, against the risk of harm which occurred as a result of the violations and, therefore, constitute negligence *per se* under Indiana law.

30. At the time of the crash, Defendant Hodari was acting in the course and scope of his employment with Defendant Safe Trans and, therefore, Defendant Safe Trans is vicariously liable to Plaintiffs for Defendant Hodari's negligent acts and omissions as set forth herein.

31. At all times material herein, Defendant Safe Trans had a duty to exercise reasonable care in its entrustment of the Safe Trans Semi to Defendant Hodari.

32. Defendant Safe Trans failed to exercise ordinary care and breached its duty of care in its entrustment of the Safe Trans Semi to Defendant Hodari.

33. Defendant Safe Trans was negligent for, among other reasons, entrusting the Safe Trans Semi to Defendant Hodari, despite its actual and specific knowledge at the time of the entrustment of Defendant Hodari's inability to exercise due care in his operation of the Safe Trans Semi.

34. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Madison Wardingley suffered severe, traumatic, permanent, and catastrophic injuries.

35. Plaintiff is entitled to judgment against the Defendant Safe Trans and Defendant Hodari, and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate the Plaintiff.

## COUNT III

## NEGLIGENCE – Defendant ATS

36. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

37. ATS is a transportation broker that chose and selected Safe Trans as the carrier to transport the PQ containers from Pennsylvania to Colorado for Defendant PQ Corporation.

38. ATS had a duty to choose a safe motor carrier which was appropriately skilled and experienced in the transport of cargo like the PQ containers, which was specialized cargo which required the use of particular methods and equipment to be safely secured to a trailer and transported.

39. Defendant Safe Trans and Defendant Hodari were not qualified by experience or training to safely place, secure and transport the PQ containers.  If ATS had used due diligence in determining the experience and safety record of Defendant Safe Trans and/or Defendant Hodari

prior to selecting the carrier, it would have discovered that Defendant Safe Trans and/or Defendant Hodari were not sufficiently experienced to transport the PQ containers, and in fact, had previous safety violations involving improper securement of cargo.

40. ATS was negligent in its selection of Defendant Safe Trans.

41. ATS exerted substantial control over the details of the work conducted by Defendant Safe Trans and Defendant Hodari and is vicariously liable for the negligence of Defendant Safe Trans and Defendant Hodari.

42. As a direct and proximate result of the negligent acts and omissions of Defendant ATS, Madison Wardingley suffered severe, traumatic and catastrophic injuries.

WHEREFORE, Plaintiff, Madison Wardingley, by counsel, seeks judgment against Defendants, Safe Trans, Inc., Hodari Tresor, PQ Corporation (now known as Ecovyst) and Advance Transportation Systems, Inc. and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate Plaintiff for the damages incurred, for the costs of this action, prejudgment interest, and for all other relief just and proper in the premises.

## REQUEST FOR JURY TRIAL

Comes now Plaintiff Madison Wardingley, by counsel, and hereby requests trial by jury.

Respectfully submitted,

STEPHENSON RIFE, LLP

/s/ *M. Michael Stephenson*
M. Michael Stephenson, Atty. No. 1824-73
Brady J. Rife, Atty. No. 25378-73
Paul T. Belch, Atty. No. 18533-49
2150 Intelliplex Drive, Suite 200
Shelbyville, IN  46176
Telephone:  (317) 680-2011
Facsimile:   (317) 680-2012
mikestephenson@srtrial.com
bradyrife@srtrial.com
paulbelch@srtrial.com
*Attorneys for Plaintiff Madison Wardingley*